**Polina Skarkowska, Defendant in Error, v. Bartholomae & Roesing Brewing & Malting Company, Plaintiff in Error.**

### Gen. No. 14,644.

1. EVIDENCE—*when admissions do not bind principal.* An admission by an alleged agent does not bind his alleged principal in the absence of proof of the authority of such agent to make it.

2. LANDLORD AND TENANT—*burden to show execution and delivery of lease.* In action for rent claimed as due under a demise, the burden is upon the plaintiff to establish the execution and delivery of the lease sued on.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed December 7, 1909.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; WALTER H. JACOBS, of counsel.

COBURN & CASE, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

To reverse a judgment for seventy dollars, as rent for the months of January and February, 1908, rendered against it, the brewing company prosecutes this writ of error. The judgment was rendered in a trial by the court without a jury. The claim was made that there was a written lease made in October, 1907, for one year beginning with January, 1908. The defense was that the lease, although drafted, was not executed or delivered. The burden of proof was upon plaintiff.

The saloon premises in question were not occupied during the period involved and no rent was ever paid therefor by defendant. Plaintiff testified that an agent of defendant called upon her one day, when the amount of rent was agreed upon, and that the next day he brought a "lease" which she, not being able to read or write, then had her daughter sign for her.

She is corroborated by her daughter. The agent took the "leases," the daughter testified, and said he would bring back the leases and $35, the first month's rent, on January 1, 1908. She also testified the name "Bartholomae & Roesing Brewing Company" was signed to the lease. Upon cross-examination, when asked whether the signature was "Bartholomae & Roesing Malting & Brewing Company" or that name "by somebody else," she answered "Bartholomae & Roesing Company," that "I didn't read no further down" and that she did not remember. It appears that one Mallinger, whose business it was to solicit trade for defendant, was the "agent" who called upon plaintiff. His version of the negotiation with her is somewhat different and, if correct, would furnish an additional ground for reversing the judgment of the trial court. This is, however, immaterial, because in nowise is the execution or the delivery of the "lease" by defendant shown. It is quite possible that the "leases" referred to had the name of defendant printed at the bottom. It does not even appear that Mallinger had authority to execute or deliver the lease for the defendant. True, one John Krook, on behalf of plaintiff, went to the office of defendant, where he spoke to Mallinger, whom he calls "general agent." Krook testifies Mallinger told him he was the person that "rented" plaintiff's place for a saloon and that he also said: "Well, we got the leases here and we rent the place but we can't get any license." Still the execution or delivery of a lease by defendant remained unproven; and the record does not show that Mallinger was in such position that he could make an admission, binding upon defendant, that defendant had rented the premises. Furthermore, were what Mallinger said to be considered as an admission of a rental by the company, the contract shown would be void under the statute of fraud.

The judgment of the Municipal Court must be reversed, and we see no reason for remanding the case.

*Reversed.*